At this time, we'll hear Richards v. Sessions. Good morning, Your Honors. May it please the Court, my name is David Zimmer and I represent the petitioner, Mr. Anderson Richards, in this matter. Mr. Richards moved to this country as a baby nearly 50 years ago and lived in New York ever since. The BIA ordered Richards removed based on what it concluded was a conviction for misdemeanor child endangerment under Subsection 1 of New York Penal Code, Section 260.10. That Class A misdemeanor covers an enormous range of conduct, including committing minor criminal acts in the presence of children and leaving children even briefly unattended. Convictions under Subsection 1 only rarely result in any imprisonment at all and often do not even lead to probation. And yet the BIA nevertheless concluded that Subsection 1 is categorically a crime of child abuse, making even lawful permanent residents removable and making many noncitizens ineligible even for cancellation of removal. As an initial matter, the BIA erred in concluding that Richards pled guilty to Subsection 1 at all rather than the even broader endangerment provision at Subsection 2 that even the BIA recognized is not a categorical crime of child abuse. That's not being claimed. Section 2 is not being claimed as categorically. Exactly. That's exactly right, Your Honor. And the BIA erred in deciding that Richards did plead guilty to Subsection 1 instead of Subsection 2. And that was really based on there are two different reasons the BIA erred in that sense. The first was the administrative law reasons we set out in our brief as to why the BIA abused its discretion in remanding for the government to introduce the previously available plea colloquy. And the second reason is that even with that plea colloquy, there is not definitive evidence that Richards necessarily pled guilty to Subsection 1. But I'd like to focus, unless Your Honors have questions on those issues, on the question of whether or focus on why, even if Richards did plead guilty to Subsection 1, that provision is not categorically a crime of child abuse. And the BIA's errands in this case stem from its failure to recognize the true scope of the case. And that's really clear in two different ways, two different aspects of Subsection 1's scope. And the first is the extent to which Subsection 1 criminalizes committing even minor criminal acts in the presence of children. The provision is effectively used as a tack-on when a child happens to be present for the commission of a crime. And the case that most clearly demonstrates this is People v. Alvarez. Greg, we start first with the text of the statute, right? And we try to compare that to what the BIA has said it conceives of as child abuse. And in the text of the statute, it says, conduct likely to be injurious to physical, mental, or moral welfare of a child. You're familiar with it. So I'm having trouble seeing why, at the first step, we should go immediately to where you want us to go, to how this is charged, to when it's tacked on, to all the plea bargains in the world, because that seems to me to completely undercut the supposed benefits of this categorical approach, that we're looking at the text of the statute and these small amount of charging documents. We're now going to explore hypothetical cases in the world, not looking at this one, seems to me completely contrary to the whole thrust of this approach. So what am I missing? So two responses, Your Honor. First, I actually don't think, so the categorical approach doesn't focus necessarily on the text specifically. It focuses on the elements. And that's going to include how that text is interpreted by the court. So, Your Honor, that is what the But nothing in the categorical approach prohibits looking at what those terms actually mean under state law. And New York has interpreted the word likely incredibly broadly to include basically the potential for harm to a child. And that's what all... Johnson and... Exactly. So Johnson interprets likelihood to basically mean the potential for harm. And then all of these trial court decisions that we cite take that very literally, which is not surprising. And Sorum, the BIA in Sorum, specifically recognized that words like likely and like substantial are going to have different meanings under different state statutes. And that it's, in fact, necessary to not just stop at the statutory text, but to look specifically at how those phrases are applied. And that's consistent, of course, with the Supreme Court's decision in Moncrief, which instructs courts to look at how the states actually prosecute the crimes. And so I think in that sense, it's crucial to go beyond the text of the statute to understand how the terms... You're arguing that the proper definition lies in the hands of the prosecutors, as opposed to, say, the courts. The courts interpreting what the legislature provided. So that's right, Your Honor. And we're not arguing that a single charging document pulled out of the ether would be enough to establish the breadth of the statute. But the point is that when you have charging documents that are consistent with judicial decisions interpreting the statute, those documents are relevant evidence to understand how the state, the state prosecuted. We don't understand Moncrief to... Even if these are not successful prosecutions? Well, if there were reason to think that the prosecutions were not successful, if, for instance, a judge dismissed the charges as insufficient, then that would not be relevant to the scope, the minimum conduct criminalized by the statute. But in this case... What happens if a jury properly charged with what the statute means decides that in a particular prosecution the defendant didn't do it? Well, so if a jury decides that the defendant didn't do it, that's an entirely separate question than the minimum conduct criminalized by the statute. You could have a charging document that alleges conduct that, if the jury believed it, would violate the statute, and that would... Prosecutors don't criminalize acts. The legislature does, and the courts interpret what the legislature does. You're arguing that it's basically it's the prosecutors who... Look, I mean, if prosecutors overreach, that doesn't change the meaning of the law, does it? No, not at all, and that's not our argument at all. Our argument is that what the court and what it's supposed to do and what the BIA is supposed to do is understand the scope of the statute as the legislature intended it and as the courts have interpreted it. Here, as our briefs explain, the courts have interpreted this statute incredibly broadly to cover things like giving an eighth grader three cigarettes, leaving a child home alone for 15 minutes while getting groceries for dinner, for... These were unsuccessful prosecutions? No, not at all. These were charges that were upheld by a court. Now, it's unclear because it's almost impossible to find out whether those charges were ultimately upheld, whether a jury actually convicted those people. But we don't know. Well, but what we do know is that courts held that the charges made in those cases were sufficient to violate the statute because if the facts alleged in those documents did not violate the statute or a reasonable jury could not conclude that they violated the statute, the court would have been compelled to dismiss those charges, and the court specifically didn't dismiss the charges. They specifically upheld them. They said this conduct, if true, violates the statute. And there couldn't really be any clearer evidence of what New York judges are interpreting to be the scope of the statute. And the charging documents that are before this court and that were before the BIA are entirely consistent with the reasoning in those cases. Even though it's not clear whether each individual charge was upheld, there's no reason to think that they weren't, given that they fall squarely within, for instance, the Alvarez decision's holding that committing any criminal act in the presence of a child violates the statute. Or the court's holding in Reyes that leaving a child home alone for 15 minutes while getting groceries for dinner, that that could be enough to violate the statute. And so it's relatively clear that New York courts interpret the statute incredibly broadly, and the BIA just simply failed to recognize the breadth of the statute. Finally, failing to consider these types of judicial decisions and failing to consider these charging documents at all will systematically misconstrue the scope of any sort of misdemeanor statute to which the categorical approach is implied. And maybe I see my time is about to expire, but I think the Tenth Circuit's decision in Ibarra makes this really clear, where you have what was effectively a misdemeanor for leaving children home alone for a brief period of time was held to violate a Colorado statute, when the BIA, in looking only at reported decisions, you would have thought that the statute looked nothing like that, even though actual guilty pleas under the statute did. Can I ask a question returning to the argument that you didn't make this morning, but before we get to the categorical approach, this case has been very convoluted in figuring out what your client pled to, and I understand he's been in immigration custody for six years working on that question. So I have a couple questions about that. Why didn't the BIA get it right the first time around? You have a criminal complaint. It charges a violation of subsection 1, and you have a certificate of disposition. It doesn't specify subsection 1, but he pled to that provision. And the facts in the complaint are consistent with the violation of subsection 1, and don't seem to establish a violation of subsection 2. Why is that enough for clear and convincing evidence? Shepherd says you could look to a charging document. The complaint is a charging document. Why do we have to care that there's a possibility there might have been an information that's not in the record? So Your Honor, just to be clear, the idea isn't that there would be an information that isn't in the record. The idea is that under New York law, a defendant can plead guilty to a different provision than that in the charging document, and the Court of Appeals held this explicitly in Kaiser. So that's why the charging document isn't enough. You can have a charging document, an information that charges subsection 1. Your Honor, it was about, and correct me if I'm misunderstanding, it was about a court losing jurisdiction. Would a court lose jurisdiction if there's a complaint to a lesser-included offense? And subsection 2 doesn't appear to me to be a lesser-included offense, or am I misunderstanding? So with respect, Your Honor, you are misunderstanding. And so the decision is a bit confusing, but if you look at what actually happened in Kaiser, the defendant was charged with a drug crime and ended up pleading guilty to basically disorderly conduct, which is not, I mean it's not a lesser offense, but it's certainly not a lesser-included offense to the drug charge. And there is some lesser-included offense language, but nothing in the actual holding of the opinion limits it to pleading guilty to a lesser-included offense. The holding is basically, you can plead guilty to, as long as it's a misdemeanor, not a felony charge, you can, the defendant can plead guilty to a different misdemeanor than that charged in the complaint. So the import of your argument is that the existence of a complaint in the record is So in this case, that's true, but if you had a case, for instance, if in the plea transcript here the judge had said, do you plead guilty to count one of the charging document, and Mr. Richards said, yes, that is what I plead guilty to, that would then be enough, because count one was subsection one. But here that's not what happened. The judge said, do you plead guilty to 260.10 generally, and Richards said yes. But there was no, Richards never pled guilty either to subsection one specifically or to a specific count in the charging document. Well, I mean, to the extent the argument is we still don't know what he's pled guilty to, even when we consider the plea transcript, that seems very difficult for me to take or to accept. And tell me what I'm missing, because if you read the plea transcript, he's clearly allocuting to the elements of a subsection one offense. He's not allocuting to the elements of a subsection two offense. Well, again, Your Honor, that's not, so the, for the reasons we explained, and I'm happy to go through them again, the actual facts he pled guilty to would violate either subsection. And in fact, he, one of the facts that he allocated to was that he was the guardian of the child, that he lived with the mother and that he lived with the child. That's only relevant to subsection two. It's not actually relevant to subsection one at all. So it's actually not entirely clear whether that is what was, what was happening. Thank you. You've reviewed the battle. We'll hear you then. May it please the Court. Karen Melnick on behalf of the United States. If I could, I'd like to begin where Judge Livingston and counsel left off, and that is that there's nothing that compels reversal of the clear and convincing evidence finding that Mr. Richards pled guilty to subsection one of 260.10. As Your Honor pointed out, the, what petitioner is trying to do is essentially atomize the conviction record instead of looking at it as a whole. You have the complaint, which specifically lists subsection one. You have the certificate of disposition, which while it doesn't list subsection one, we know we're in that universe. Counsel, using the Kaiser case, suggested, well, he could have pled to anything. Well, he didn't just plead to anything. On top of that, you have the rap sheet, which again, by itself, standing alone perhaps would not be enough, but again, it specifically lists subsection one. Then on top of that, you have the plea colloquy, which while again doesn't explicitly elicit subsection one in terms of that number being spoken, there's nothing in the context of that plea that suggests that he was pleading to anything else but the complaint. Let me see if I can't refocus the discussion along more traditional lines because we're dealing with a lot of open, important legal questions, but the IJ found the evidence insufficient and the BIA concluded the evidence was insufficient, but Suus Bante remanded for supplementation of the record by, I think, the plea colloquy, which the government has never contended was not available to it at the outset. Wasn't that contrary to regulations? Haven't I heard lawyers in the government stand where you stand a hundred times saying that when a petitioner concedes that the evidence was sufficient, but wanted to remand Suus Bante to supplement the record, that that was improper? No, Judge Jacobs, because that essentially isn't what happened. I mean, counsel or petitioner wants this court to impose a motion to reopen standard, which is for the parties on this case and use an abuse of discretion standard rather than what actually happened. DHS did not move to reopen this case. The board on its own first agreed with DHS in that August 2012 board decision. In what sense? In the sense that they agreed that he had pled to subsection one. That was the first board decision. So there was no reason for DHS to do anything at that point because... But they did. No, they did not. DHS did not do anything at that point. The case came back to the immigration... Well, why did the BIA remand for supplementation of the record? You don't usually do that if you say, well, we have enough, but we'd like more. They remanded for supplementation of the record because the record was insufficient, correct? They felt that it was perhaps incomplete with respect... Their feeling is something that we defer to. It's something that the government regularly asks us to defer to and that we regularly defer to. So if that's their feeling, that's their holding too. Well, it could have... Again, Your Honor, when they reopened for the parties to expeditiously on this final opportunity to submit documents related to the conviction record or a relief... Well, where does this final opportunity come from? I mean, there was a hearing. The government could have put in whatever it had and it didn't. And the BIA obviously concluded the evidence was insufficient. I don't understand this. If you have a hearing, you have a trial, and the evidence is insufficient, then you lose, basically, whether you're the government or a petitioner. I mean, it can't make a difference. The regulations state that the board can, at any time, reopen or reconsider a decision that it's made previously. That's unfettered discretion without judicial review, that they can reopen or reconsider a decision at any point. This was not a motion to reopen by either party. This was a sua sponte decision by the board. Don't they have to explain why they're making a sua sponte decision to reopen the record? They didn't explain it. It's pretty obvious. The reason is because there was evidence that the government had but didn't submit. And if it submitted the evidence, then the government's case would be a lot better, and maybe they'd prevail. That's the thing, Your Honor. It could have just as well have gone the other way. The petitioner. Like a judicial body wanting a complete record, the board felt that it perhaps was incomplete and wanted to confirm that maybe there was nothing else that was looming in the plea colloquy that would have suggested that he had pled to something else. In fact, there is nothing else. The regulations allow the BIA to grant a motion to reopen, or presumably to do it sua sponte, to present new evidence, if, according to the reg, the evidence sought to be offered as material, which it was, and was not available and could not have been discovered or presented at the former hearing. I mean, it's a mouthful, but that's 8 CFR section 1003.2 C1. Yes, Your Honor, but this was not a motion to reopen. At the time, after the first board decision, the board found that he had pled guilty to subsection 1, and simply remanded at that point for the immigration judge to explain why subsection 1 is a categorical child abuse offense. The immigration judge got it back, might have scratched her head a little, and then said, okay, well, I'm going to explain why subsection 1 is a categorical child abuse offense, which she did. You said law of the case binds me now. Because this is what the board said, and Subsection 1 conviction, the board has told me that. So there's no reason at that point for DHS to do anything, move to reopen. That issue at that point had been decided as far as the case was concerned. Subsection 1, that's what he pled to. Now we're just talking about whether or not it's a generic child abuse offense. So when Petitioner appealed to the board, the board agreed that, in light of matter of fact, it's a categorical child abuse offense. But now, upon reflection, we think that we might need more to decide whether or not, in fact, he had pled guilty to subsection 1. So it reopened sua sponte to the parties to put in whatever. And it just so happens here... At that point, there wasn't enough. Well, I think reasonable minds can differ there. As Judge Livingston pointed out, the fact that you have a complaint charging subsection 1, and at that point even a rap sheet that also said subsection 1, I think it's reasonable to conclude that there's clear and convincing evidence that he pled to subsection 1. But why isn't the... You could ask that question, but why isn't the DHS bound by its election at the very first hearing before the IJ to rest on the complaint and the certificate of disposition and not to put in the plea colloquy, even though the IJ said, I like to see plea colloquies in all cases? Well, the thing that they didn't waive, however, is the issue. They always argued and maintained that either 260.10 was a categorical child abuse offense and removable on that ground, or... And in those days, you could just move right to the modified categorical. But under either the categorical or modified categorical approaches, he was convicted of that subsection, and it fits comfortably into the board's generic definition of a child abuse offense. So they didn't waive... The cases that counsel cites in his pleadings are ones where the government affirmatively waives a defense or a complete issue in the case. One was appealing a conviction. They were just inapplicable in this situation. This is an administrative hearing, and they did not waive the ground of removal or any theory, just simply a piece of evidence that they felt at that point, for whatever reason, they felt that the record that they submitted was enough, and the board, at least for the first go-around, agreed with them. So at that point, that issue was off the table. I see my time is somewhat winding down. Going back to the reasonable possibility that counsel began the conversation with, the reason why a petitioner is pushing this court essentially beyond the Supreme Court is because, as Judge Jacobs and Judge Levinson pointed out, you're supposed to look to cases, to cases, not charging documents to see about the breadth of a statute. What about a case that says that this... These allegations are sufficient to make out the claim under Section 1, and that it goes to trial? That can be in a case. That's an opinion. Mendoza-Osorio, in a footnote, when it was addressing this court's decision in Guzman, addressed specific scenarios, specific cases that Guzman had mentioned, and with respect to those specific cases, said, we would also find that they fall within the generic definition. It's the government's position that you really, as Your Honor was pointing out, a state doesn't punish someone based on a charging document. It isn't punishable conduct unless a jury finds the person guilty beyond a reasonable doubt, and that is why the Supreme Court in all circuits say you look to your case or another case. And I see my time is up, so I would... Thank you. Thank you. We'll hear from Mr. Zimmer. Thank you, Your Honors. I just want to make two quick points about this administrative law issue. And the first, I just want to clarify that there is no ambiguity in the BIA's decision that they were remanding just to develop the record in some as-then unambiguous way. And I just want to read what they wrote. This is on 396 of the record. They say, upon further review, we now agree with the respondent that the current record in this case does not sufficiently establish what subsection the respondent was convicted of violating, and DHS has not to date submitted evidence to prove that the respondent pled to the facts as alleged in the misdemeanor complaint. As the descending board member recognized, that's the end of the case. The government had its opportunity to make its case, to satisfy its burden of proving removability. The BIA concluded it failed to do so, and that should have been the end. There is not another case that either party has found, that the government has identified, that we have identified, in which the BIA has ever remanded simply for a party to get a second shot to meet its burden of proof. And in fact, for all the cases we cited in our brief, mainly a matter of LAC, the BIA repeatedly refuses to remand for exactly these reasons. So the descending board... It isn't just a matter of whether they are willing to, or whether they do or don't. It's a question of what the regulations are. Exactly. Well, and that's why they don't, is because it's explicitly barred by their own regulations. And in this case... Well, the government says it's barred unless there's newly available evidence when you're talking about a motion by a party, but this is pursuant to the sua sponte authority, and they can do it for whatever reason. They narrow themselves to extraordinary circumstances. They may have thought it was extraordinary. We've got a lot of disagreement here about this conviction. We think we've worked it out now, but we want to make darn sure that the plea transcript conforms with the, um, with the complaint. Well, so, Your Honor, the regulation the government cites involves moving to reopen its own decisions. It doesn't involve remands. There is not a single regulation that authorizes the BIA, even sua sponte, to remand, uh, for the, for a party to basically get a second shot to meet their burden of proof. And again, the government can't identify a single decision in the history of the Board of Immigration Appeals where they've done this, other than in this case. And again, just, I realize my time has expired, but I just want to emphasize that this waiver point is a second reason, independent of that, as to why the BIA abused its discretion. Because this wasn't just an issue that the BIA came up with that hadn't been an issue. The government had been told by the IJ numerous times, 1068 to 1069 is the clearest example, uh, that they should introduce this and had actually refused to do so. We have, I think for, for instance, if we think the BIA did not adequately explain its reasons, um, for remanding, cause they, they didn't give us much of an explanation, uh, and you re, and we send it back down for, on that basis, your client still in immigration custody. Uh, he's been there six years. I guess he could pursue this back to us again on the categorical exception, depending upon what happened, uh, with that explanation. He could pursue the adequacy of that explanation. So your honor, we would strongly urge the court not to remand this case. As you said, our client has been in immigration detention for nearly 10 years longer than, uh, his criminals. I mean, he's been in immigration detention for many, many years. And the remedy here, if for the administrative law violation is to terminate the appeal because there's, is to terminate the removal proceedings because that's what the BIA should have. And in fact, as the descending board member recognized had to do at the time it realized, or sorry, the time it concluded that DHS had failed to meet its burden of proof at that point as board member Greer recognized that should have ended the case. And so therefore this court should just end the case now. And how long has your, has your client been in immigration custody? I believe it's since 2012. Thank you, your honor. Thank you. Thank you both. We will reserve decision.